# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RICHARD RAY TIMMONS**                                         **PETITIONER**

**V.**                         **CIVIL ACTION NO. 4:11CV209 CWR-LRA**

**CHRISTOPHER EPPS and JIM HOOD**                      **RESPONDENTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Richard Timmons filed a Petition for Writ of Habeas Corpus on December 27, 2011. Respondents Christopher Epps and Jim Hood move this Court, pursuant to 28 U.S.C. §2254(b)(1), to dismiss the petition for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Because Petitioner confesses his failure to exhaust, the undersigned recommends the motion be granted.

Timmons was convicted of the statutory rape of a 14-year-old minor in the Circuit Court of Lauderdale County, Mississippi, on February 1, 2008.[1] He was sentenced to serve 20 years in the custody of the Mississippi Department of Corrections, with 10 years suspended and 5 years post-release supervision. Aggrieved, Timmons appealed his conviction and sentence to the Mississippi Supreme Court asserting that two errors were made at trial: (1) the trial court erred in limiting the cross-examination of State witness, C.L. Lawson; and, (2) the verdict was against the overwhelming weight of the evidence.

---

[1] ECF No. 4-1.

His conviction and sentence were affirmed by the Mississippi Court of Appeals on January 26, 2010. *Timmons v. State*, 44 So.3d 1021 (Miss. Ct. App. 2010), *reh'g denied*, June 15, 2010, *cert. denied*, September 30, 2010. No subsequent motion for post-conviction relief has been filed. On December 27, 2011, Timmons, through counsel, filed the instant petition for federal habeas corpus relief raising for the first time, numerous due process and ineffective assistance of counsel claims.[2]

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[3] *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state

---

[2] ECF No. 1.

[3] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i)  there is an absence of available State corrective process; or
        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
          . . . .
(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

2

courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 450 U.S. 1056 (1983). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

## DISCUSSION

Respondents argue that the instant petition should be dismissed because the records show, and Timmons admits, that he failed to exhaust his claims in state court before filing his federal habeas petition. Timmons acknowledges his failure to exhaust, but explains that he elected to "protectively file" before AEDPA's one year statute of limitations expired because of "the length of time required to exhaust remedies" in state court.[4] He advises that his state court post-conviction motion "is in its final stages" and will be "filed shortly."[5] He also asserts that his habeas petition contains both exhausted and unexhausted claims, despite indicating in the initial petition that none of the claims had been exhausted. He requests that the Court "remand" for exhaustion of the unexhausted claims, or alternatively dismiss his petition without prejudice.

---

[4]ECF No. 7, p. 2.

[5]ECF No. 1, p. 2; ECF No. 7.

Federal courts have the authority to stay, rather than dismiss, a habeas petition while a petitioner exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). But the United States Supreme Court has instructed lower courts that stay and abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Id.* at 278. The *Rhines* Court cautioned that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." *Id.* at 277. Stay and abeyance is only appropriate when there is good cause for the petitioner's failure to fully exhaust his claims in state court first. *Id.* at 277-78.[6]

No good cause has been shown here. Timmons offers no explanation for failing to satisfy the exhaustion requirement except a passing reference to the amount of time it takes to exhaust available remedies in Mississippi state court. A stay is not to be used in lieu of diligent exhaustion.

For these reasons, the Court recommends that Petitioner's request for a dismissal without prejudice should be granted. Timmons is warned that the filing of the instant habeas corpus petition ***did not toll*** the one-year federal statute of limitations prescribed in

---

[6] In addition to good cause, the *Rhines* Court instructed that a stay should not be granted when the petitioner's unexhausted claims are plainly meritless, or when there is an indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. A thorough examination of the merits of Petitioner's unexhausted claims cannot be conducted here, however, because a copy of the state court record has not yet been filed in this case. Nor is there sufficient information to ascertain whether Petitioner has engaged in intentionally dilatory litigation tactics.

4

28 U.S.C. § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (the statute of limitations period and the tolling provision, together with the exhaustion requirement, encourage litigants to first exhaust all state court remedies and then to file their federal habeas petitions as soon as possible.) He is also cautioned that a state court application for post-conviction relief at this juncture would likely be too late to toll the federal one-year statute of limitations period, absent statutory or equitable tolling. Thus, he must act diligently in exhausting his state court remedies and filing a subsequent federal habeas petition if he chooses to do so.

**RECOMMENDATION**

It is the recommendation of the undersigned United States Magistrate Judge that the Motion to Dismiss for Failure to Exhaust filed by Respondents should be granted, and that this cause be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009).

THIS the 20th day of June 20, 2012.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

5