# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RICHARD RAY TIMMONS**                                                                          **PETITIONER**

**v.**                                                    **CAUSE NO. 4:11-CV-209-CWR-LRA**

**CHRISTOPHER EPPS; JIM HOOD**                                            **RESPONDENTS**

## ORDER

Before the Court are the respondents' motion to dismiss, Docket No. 4, and the Magistrate Judge's Report and Recommendation on that motion, Docket No. 9. The petitioner has objected to the Report and Recommendation, Docket No. 11, the respondents have replied, Docket No. 12, and the matter is ready for review. The motion to dismiss will be granted in part, the Report and Recommendation will be adopted in part, and the petitioner's objection will be sustained.

### I. *Procedural History*

In December 2011, Richard Ray Timmons filed, through counsel, his first federal petition for habeas relief. Docket No. 1. The petition indicated that in February 2008, Timmons was convicted of statutory rape by a jury in Lauderdale County, Mississippi, and sentenced to incarceration in the custody of the Mississippi Department of Corrections. *Id.* In January 2010, the judgment was affirmed by the Mississippi Court of Appeals, and in September 2010 the Mississippi Supreme Court declined certiorari. *Id.* Timmons admitted that no state habeas claim had been filed but indicated that one was forthcoming. *Id.* at 2. His petition raised five general grounds for relief: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, denial of a fundamentally fair trial (under a variety of theories), an improper limitation of his cross-examination and confrontation clause rights, and actual innocence. *Id.* at 3-12.

The respondents, on behalf of the State of Mississippi, moved to dismiss, arguing that none of the claims had been exhausted in state court. Docket No. 4. They acknowledged Timmons' direct appeal, but sought to distinguish the claims brought there from the claims asserted in the instant petition. *Id.* at 3-4. The respondents continued, "[f]urther, Timmons admits that none of the issues which he now seeks to have this Court address in the federal habeas action have been presented in the state court. ECF Doc. 1, p. 2. As such, respondents assert that the instant federal habeas corpus petition should be dismissed for lack of exhaustion of the claims raised by Timmons

in the instant petition." *Id.* at 4.[1] Finally, they contended that the Court should not hold Timmons' petition in abeyance during any subsequent state habeas proceeding. *Id.* at 5-6.

In response, Timmons clarified that "the habeas petition is one of both exhausted and unexhausted claims, because the issues raised before the state courts on direct appeal are included." Docket No. 7, at 1. He repeated that the present, "protective" habeas petition was filed because his federal habeas statute of limitations was about to expire, and noted that his state habeas case was nearing completion. *Id.* at 1-2.

The respondents' reply brief reurged their position that the Court should dismiss the petition in full for lack of exhaustion and that stay and abeyance was inappropriate. Docket No. 8, at 3.

The Magistrate Judge's Report and Recommendation found that Timmons' petition should be dismissed without prejudice and that the Court not stay these proceedings to await completion of a state habeas action. Docket No. 9.

Timmons timely objected and requested that his petition proceed with those claims properly exhausted before the state courts. Docket No. 11, at 1. He conceded the dismissal of his unexhausted claims. *Id.* Timmons asserted that his properly-exhausted issues were: (1) "The denial of confrontation through trial court's refusal to all testimony of the false accusations by the accuser of other juvenile victims of the Defendant," and (2) "The evidence was insufficient and the jury failed to reach a proper verdict by reason of the judge's note on just picking a count when the jury asked whether they had to find a date." *Id.*

The respondents subsequently acknowledged that Timmons could proceed on the above-enumerated issue (1), since that was properly exhausted on direct appeal. Docket No. 12, at 2. They disagreed, though, about issue (2), arguing that in issue (2) Timmons presented to the state court a 'weight of the evidence' claim not cognizable on federal habeas, as opposed to a sufficiency claim. *Id.* "Accordingly, there is only one issue in Ground Four which has been presented to the state court and can be raised in the instant federal habeas action." *Id.* at 3.

---

[1] The argument is not a fair reading of Timmons' habeas petition. Page two of that petition – which is a questionnaire – asks the following: "Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?  Yes __  No __." Docket No. 1, at 2 (emphasis added). Timmons indicated "no," then wrote, "but a State Post Conviction Collateral Relief Petition will be filed shortly." *Id.* The respondents are therefore incorrect that Timmons admitted to not exhausting any of his claims. He admitted to not exhausting claims except for those raised on direct appeal. Any issues he raised on direct appeal are properly exhausted, as explained in more detail below.

*II.     Law*

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The exhaustion doctrine . . . is now codified at 28 U.S.C. § 2254(b)(1)." *Id.* (citations omitted). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quotation marks and citation omitted). "Such presentment can take place via direct appeal or state habeas proceedings." *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005) (citation omitted). "Whether a federal habeas petitioner has exhausted state remedies is a question of law." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (citations omitted).

*III.    Discussion*

The Court will restrict its focus to Timmons' specific objection. Accordingly, it will adopt as unopposed the Magistrate Judge's findings that all unexhausted claims should be dismissed, and that the Court should not hold the unexhausted claims in abeyance pending resolution of a future state court habeas proceeding.

What remains is whether there are any exhausted claims that this Court can adjudicate now. There are. Timmons never actually admitted that all of his claims were unexhausted; rather, he correctly noted that some of his claims were unexhausted, while others were raised on direct appeal. Docket No. 7, at 1. He is entitled to proceed on any claim presented to the state's highest court during that direct appeal.

A review of the Mississippi Court of Appeals decision denying Timmons' direct appeal reveals that it resolved the following broad issues: whether "(1) the circuit court erred in limiting the scope of Timmons's cross-examination of the victim, and [whether] (2) the verdict is against the overwhelming weight of the evidence." *Timmons v. State*, 44 So. 3d 1021, 1023 (Miss. App. 2010), *reh'g denied* (June 15, 2010), *cert. denied*, 49 So. 3d 106 (Miss. 2010). The first issue actually was further broken down into two parts: whether the trial judge erred in sustaining the State's objection to the relevancy of certain cross-examination, and whether that ruling constituted a violation of the confrontation clause. *Id.* at 1024-27. When added to the weight of the evidence issue, then, there

3

are potentially three claims that were exhausted.[2] They may proceed in this Court.

The respondents' final brief attempted to quash the petitioner's weight of the evidence issue. Docket No. 12, at 2-3. Their argument may or may not be correct, but because of the procedural posture of this case, Timmons has not had an opportunity to respond to that argument. Accordingly, the respondents' theory as to that issue will be denied without prejudice and may be resolved on a future motion or by agreement of the parties.

*IV.    Conclusion*

Timmons may proceed on theories properly exhausted in state court. Accordingly, the respondents' motion to dismiss is granted in part and denied in part, the Report and Recommendation is adopted in part, and the petitioner's objection is sustained.

**SO ORDERED**, this the 13th day of August, 2012.

> s/ Carlton W. Reeves
> UNITED STATES DISTRICT JUDGE

---

[2] Claims resolved by the Mississippi Court of Appeals are sufficiently exhausted because Timmons petitioned the Mississippi Supreme Court for review and was denied. *See Goodwin v. Collins*, 910 F.2d 185, 187 (5th Cir. 1990) ("It is significant that where a state intermediate appellate court renders a decision, and the highest state court thereafter simply denies discretionary review, then it is the judgment of the intermediate appellate court which is reviewed in the United States Supreme Court on certiorari, and the writ of certiorari runs to the intermediate appellate court. Accordingly, the *Harris* court's reference to 'the last state court rendering a judgment in the case' should be understood to refer to the state court whose judgment would be reviewed if direct review had been granted in the United States Supreme Court.") (citation omitted); *Jones v. Mississippi*, No. 3:06-cv-438, 2008 WL 294505, *2 (S.D. Miss. Jan. 8, 2008) ("Jones was obliged to present his constitutional claims to the State's highest court in a procedurally proper manner, i.e., request a writ of certiorari after the Mississippi Court of Appeals denied rehearing on his appeal.").